IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GORDON E. BROWN,  )
                  )
        Plaintiff,  )   TC-MD 110291D
                  )
    v.            )
                  )
MULTNOMAH COUNTY ASSESSOR,  )
                  )
        Defendant.  )   **DECISION**

This matter is before the court on Plaintiff's appeal of property identified as Account R294557 (subject property) for the tax year 2010-2011. Plaintiff appeared on his own behalf in person. Dave Babcock (Babcock), appraiser, appeared on behalf of Defendant by telephone.

On December 9, 2011, Plaintiff wrote to the court stating that he would appear in person for the trial scheduled for December 12, 2011, and was "submitting 4 pages * * * of information and analysis which provides support that the 2010 Multnomah County RMV of $301,220 is inaccurate and over-stated." Defendant objected to Plaintiff's "4 pages," stating that Plaintiff failed to follow the Oregon Tax Court, Magistrate Division Rule 10, exhibit exchange rules. After discussing the rule, the court granted Defendant's motion to deny Plaintiff's request to submit the "4 pages."

I. STATEMENT OF FACTS

Plaintiff testified that he is a commercial real estate lender, has a master's degree in real estate development, and has taken many courses in commercial appraisal. He testified that the "four sample" sales of comparable properties that sold between April and June, 2010 are more comparable to the subject property than the three properties identified as comparable by Defendant. Plaintiff testified that the subject property "valued by the county at $153 per square

foot" is "statistically out of tolerance variance" with the "value per square foot of $126" that he determined using the four properties he identified as comparable to the subject property.

Plaintiff testified that he purchased the property, which was built in 1951, in 2001. He testified that his "property taxes" have increased" more than 45 percent over the "nine years" he has owned the property. Plaintiff testified that is a "five percent annual increase" that is not "in the spirit" of the "three percent" statutory limitation.

Plaintiff asked Babcock if he had copies of information Plaintiff submitted for the board of county property tax appeals. Babcock responded that he had some of the information Plaintiff submitted for the county hearing including an appraisal report dated December, 2009, stating a real market value of $321,000 for the subject property. At this point, Plaintiff rested his case.

The court asked Plaintiff if he knew the statutory requirements for determining the subject property's real market value. The court briefly reviewed the three different methods used to determine real market value: 1) the cost approach, 2) income approach, and 3) sales comparison or market approach. *Allen v. Dept. of Rev.*, 17 OTR 248, 252 (2003). When determining the real market value of a property, the three different approaches to valuation must all be considered, even if one of the approaches is found to be unreliable. *See* ORS 308.205(2); OAR 150-308.205-(A)(2).[1] The court stated that given the age of the property (according to Plaintiff the subject property was built in 1951) and the fact that the subject property is Plaintiff's residence and not an income producing property, the income and cost approaches are probably not applicable.

A comparable sales approach "may be used to value improved properties, vacant land, or land being considered as though vacant." *Chambers Management Corp v. Lane County Assessor,*

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to the statutes and rules in effect in 2009.

TC-MD No 060354D at 6 (Apr 3, 2007) (citing Appraisal Institute, *The Appraisal of Real Estate* 335 (12th ed 2001)). ORS 308.205(2) provides in pertinent part that "[r]eal market value in all cases shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue." The Department of Revenue adopted OAR 150-308.205-(A)(2)(c), which states in part:

> "In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, will be used. All transactions utilized in the sales comparison approach must be verified to ensure they reflect arms length market transactions."

Plaintiff did not present evidence showing that he adjusted the "four sample sales" to be comparable to the subject property or verified each sale to confirm that it was an arm's length market transaction.

The court explained that as the party seeking affirmative relief, Plaintiff bears the burden of proving that the subject property's real market value is incorrect on the tax roll. ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530 at 4 (July 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)).

Plaintiff must present the greater weight of evidence to support his requested real market value reduction. This court has stated that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005) (quoting *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citation omitted). Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents and licensed brokers.

Plaintiff failed to use any of the three common approaches prescribed by statute to determine the real market value the subject property. Plaintiff did not submit an appraisal report

or comparable sales approach. Plaintiff's evidence in support of his requested real market value reduction is inconclusive. When the "evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Plaintiff has failed to carry his burden of proof.

III. CONCLUSION

Because Plaintiff failed to submit any evidence to support his requested real market value, the court cannot make a determination of the subject property's real market value. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ___ day of January 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 10, 2012. The Court filed and entered this document on January 10, 2012.*